William Bernstein (State Bar No. 065200)
Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Dean M. Harvey (State Bar No. 250298)
LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP
275 Battery Street, Suite 3000
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

*Attorneys for Plaintiff Stanislaus Food Products Co.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO)

| | |
|---|---|
| STANISLAUS FOOD PRODUCTS COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>USS-POSCO INDUSTRIES, a California business entity, and DOES 1-200,<br><br>Defendants. | Case No.  1:09-CV-00560-LJO-SMS<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, on June 2, 2009, the Court in the above-referenced action issued a Minute Order which, among other things, granted plaintiff Stanislaus Food Products Company ("Plaintiff") limited expedited jurisdictional depositions of defendant USS-POSCO Industries' ("Defendant") two corporate owners, Pitcal, Inc. and POSCO-California Corp. to explore areas relevant to the issue of Defendant's citizenship for the purposes of diversity jurisdiction (collectively referred to as "Limited Expedited Jurisdictional Discovery").

WHEREAS, Plaintiff and Defendant believe that compliance with Plaintiff's Limited Expedited Jurisdictional Discovery will likely involve the parties' production of confidential,

826391.3

- 1 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

proprietary, or private information for which special protection from public disclosure would be warranted.

THEREFORE, in order to protect the confidentiality of confidential information obtained by the parties during the course of Plaintiff's Limited Expedited Jurisdictional Discovery in this action, the Parties stipulate and request that the Court enter the Protective Order proposed below. The parties acknowledge that this Stipulated Protective Order governs the undertaking and completion of Plaintiff's Limited Expedited Jurisdictional Discovery, only, and does not apply to general discovery demands and/or disclosures under Rule 26 of the Federal Rules of Civil Procedure. Should this action progress to the stage of merits discovery, the parties will meet and confer to determine whether this Stipulated Protective Order will govern such discovery or whether it should be amended.

IT IS HEREBY ORDERED THAT:

1. <u>Confidential Information</u>: As used herein, "Confidential Information" refers to all items of information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c). Information to be treated under this Order as Confidential Information shall include all items of information (including, among other things, testimony, transcripts, or tangible things) revealed over the course of Plaintiff's Limited Jurisdictional Discovery, which are marked and/or designated by the producing Party as "Confidential".

2. <u>Disclosure of "Confidential" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, "Confidential Information" shall be disclosed only to:

(a) the Parties' respective attorneys of record in this matter and necessary secretarial, clerical and legal assistant and support personnel of those attorneys;

(b) one executive of each Party, each of whom shall read and sign the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts and/or consultants (as defined below) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

826391.3

– 2 –

PDF created with pdfFactory trial version www.pdffactory.com

Bound by Protective Order" (Exhibit A).  The parties acknowledge that an "expert" and/or "consultant" is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

      (d)    the Court and its personnel;

      (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (f)    the author, addressees, or recipient of the document, or any other person who would have had access to such information by virtue of his/her employment; and

      (g)    deposition witnesses.

Exhibit A will be retained by counsel for the Party which obtains the appropriate signature.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

3.    <u>Challenging Confidentiality Designations</u>: A Party may dispute whether an item of information is properly designated as "Confidential" in accordance with the terms of this Stipulation and Order.  The procedure for disputing the designation of any particular item of information as "Confidential" shall be as follows:

      (a)    <u>Definitions</u>.

          (i)    A Party disputing whether an item of information is properly designated as "Confidential" is the "Disputing Party"; and

          (ii)    The Party which produced the confidentially designated item of information is the "Designating Party".

      (b)    <u>Meet and Confer</u>.  In order to initiate a challenge to a Designating Party's confidentiality designation, a Disputing Party must begin the process by

826391.3

– 3 –

PDF created with pdfFactory trial version www.pdffactory.com

1 conferring directly (by telephone or in person; other forms of
2 communication are not sufficient) in good faith with counsel for the
3 Designating Party.  In conferring, the Disputing Party must adequately
4 identify each item of information which Disputing Party claims is not
5 confidential (e.g., by stating the Bates number or series of consecutive
6 Bates numbers, or by stating the page number or page numbers of
7 testimony) of the disputed item/s of information and must give the
8 Designating Party an opportunity to review the identified designated
9 information, to reconsider the circumstances, and, if no change in
10 designation is offered, to explain the basis for the chosen designation.
11   (c) <u>Notice</u>.  If, following the meet and confer process, the Disputing Party
12 notifies the Designating Party that it will not withdraw its challenge, the
13 Disputing Party shall give written notice to the Designating Party formally
14 articulating the Disputing Party's dispute with the propriety of the
15 Designating Party's confidential designation(s) (the "Written Notice").
16   (d) <u>Identification</u>.  A Disputing Party shall, within the Written Notice, identify
17 each document or testimony which Disputing Party claims is not
18 confidential by stating the Bates number, or series of consecutive Bates
19 numbers, of the disputed document(s), or the page and line number of the
20 disputed testimony.  A Disputing Party shall, within the Written Notice, set
21 forth a brief statement explaining why each document or testimony is not
22 properly designated as confidential as provided in this protective order.  In
23 the case where there is more than one ground for disputing the confidential
24 designation, the Disputing Party shall state the Bates number or page
25 number (or consecutive series of Bates numbers or page numbers) of each
26 document or testimony to which each ground for dispute applies.
27
28

826391.3

– 4 –

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

      (e)    <u>Communication of Notice</u>.  A Disputing Party shall contemporaneously serve the Written Notice on the Designating Party by facsimile transmission, email or first class U.S. Mail.

      (f)    <u>Scope of Notice and Dispute</u>.  A Disputing Party must identify each and every item of information such Party claims to be improperly designated as confidential.

      (g)    <u>Response to Written Notice, and Judicial Intervention</u>.  If, following the Meet and Confer and Written Notice process, the Disputing Party notifies the Designating Party that it will not withdraw its challenge, the Disputing Party shall have fourteen (14) calendar days to file a motion with the Court challenging the designated information as confidential.  Such motion shall be on a letter-brief basis (not to exceed 5 pages) to the Court, or the designated Magistrate Judge.  The Disputing Party may file a responsive letter-brief (not to exceed 5 pages) within ten (10) calendar days; there will be no reply letter, unless the Court permits such, and there shall be no hearing.

      (h)    <u>Continuing Confidentiality</u>.  A Disputing Party shall treat all documents designated as confidential as provided in this Stipulation and Order, unless and until there is a determination by the Judge or Magistrate Judge, including a signed order, resolving a Motion pursuant to Paragraph 2(g).

4.    If a document containing Confidential Information is presented to the Court, it shall be lodged with the Clerk of the Court in a sealed envelope marked with a caption of this action, a schedule of the contents of the envelope, and the following notation:  "Contains CONFIDENTIAL INFORMATION—To Be Opened Only By Or As Directed By The Court."

5.    Should need arise during any hearing or proceeding before the Court to cause Confidential Information to be disclosed, the Party may only do so in accordance with such procedures as the Court may order, including but not limited to in-camera inspection or other safeguards as requested of the Court.

PDF created with pdfFactory trial version www.pdffactory.com

1    6.  This Order is without prejudice to the right of a party to move the Court for an
2 order to further restrict disclosure or use of any Confidential Information upon a showing of good
3 cause for such further restriction.
4    7.  This Order shall survive the termination of this litigation.
5    8.  <u>Final Disposition</u>: Unless otherwise ordered or agreed in writing by the producing
6 Party, within ninety days after the final termination of this action, each receiving Party must
7 return all Confidential Information to the producing Party, including all copies, abstracts,
8 compilations, summaries or any other form of reproducing or capturing any of the "Confidential
9 Information". The receiving Party may destroy some or all of the "Confidential Information"
10 instead of returning it. Whether the Confidential Information is returned or destroyed, the
11 receiving Party must submit a written certification to the producing Party (and, if not the same
12 person or entity, to the Designating Party) by the ninety day deadline that identifies (by category,
13 where appropriate) all the Confidential Information that was returned or destroyed and that
14 affirms that the receiving Party has not retained any copies, abstracts, compilations, summaries or
15 other forms of reproducing or capturing any of the Confidential Information.
16   9.  The inadvertent production of information protected by the attorney-client
17 privilege, work product doctrine or any other privilege does not constitute a waiver of, or estoppel
18 as to, any claim of privilege or protection for such information. In the event of an inadvertent
19 production, the Designating Party will promptly notify the receiving Party in writing and the
20 receiving Party will return the inadvertently produced information within five (5) days. The Party
21 returning such information may then move the Court for an order compelling production of such
22 information, but the motion shall not assert as a ground for production the fact or circumstances
23 of the inadvertent production.
24   10. The inadvertent failure to designate information as "Confidential" before it is
25 disclosed does not waive a party's right to so designate the information. In the event of an
26 inadvertent failure to designate, the Designating Party will promptly notify all parties known to
27 have received the information in writing and provide them with appropriately marked substitute
28 copies.

826391.3

– 6 –

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

11. Any Third Party discovery respondent may designate as "Confidential" any document or information that contains, explains or refers to information that is of a personal, sensitive or proprietary nature at the time of production such that the Third Party seeking the protection of this Stipulation and Order wishes to preserve the confidential nature of such information.

12. Any document or information that has been designated by a Third Party discovery respondent as containing, explaining or referring to confidential information shall be marked by the producing Third Party with the legend "Confidential," and shall not be used or disclosed except pursuant to the provisions of paragraphs 2, 3, 4 or 5 of this Stipulation and Protective Order.

13. All applicable procedures set forth in this Stipulation and Protective Order shall govern any designation of confidentiality of any Third Parties, and any Third Party who makes such a designation shall be entitled to the rights accorded to the Parties under this Stipulation and Protective Order.

14. The Parties agree that the Court retains continuing jurisdiction of the Parties hereto in relation to any dispute between them regarding use of information disclosed under protection of this Order. Transfer of this action to another venue or remand of this action to a state court shall not vitiate this Agreement and Order, and the Order shall be deemed to be transferred to, and become under, the jurisdiction of the transferee court unless and until modified by that court. In the event of transfer or remand, the provisions relating to "continuing jurisdiction" shall apply only to the transferee Court.

15. This Agreement may be modified by written agreement of the Parties hereto and by motion by any Party to the Court.

PDF created with pdfFactory trial version www.pdffactory.com

**SO STIPULATED.**

                              LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

Dated: July 23, 2009        By: _____*/s/ Eric B. Fastiff*_____
                                          Eric B. Fastiff

Eric B. Fastiff
275 Battery Street, Suite 3000
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Counsel for Plaintiff Stanislaus Food Products Company*


                              STEYER LOWENTHAL BOODROOKAS ALVAREZ
                                 & SMITH LLP

Dated: July 23, 2009        By: _____*/s/ Allan Steyer*_____
                                          Allan Steyer

Allan Steyer
One California Street, Third Floor
San Francisco, CA  94111
Telephone:  (415) 421-3400
Facsimile:  (415) 421-2234

*Counsel for Defendant USS-Posco Industries*

826391.3

– 8 –

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1     PURSUANT TO STIPULATION, IT IS SO ORDERED.

3     Dated:   July 27, 2009                          /s/ Sandra M. Snyder
                                                     Sandra M. Snyder
                                                     United States Magistrate Judge

**EXHIBIT "A"**

UNDERTAKING

1. My address is

   _____

   My current employer is

   _____

   My current occupation is

   _____

2. I received a copy of the Stipulation and Protective Order Regarding Discovery ("Protective Order") in this litigation. I carefully read and understand the provisions of the Protective Order.

3. I will comply with all provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this litigation any Confidential Information, including Confidential Information marked "Confidential," which is disclosed to me.

4. Promptly on termination of this litigation at the written request of a Party, I will return all Confidential Information, including Confidential Information marked "Confidential," that came into my possession, and all documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of California and to any other jurisdiction to which this action might be transferred for the purpose of enforcing this Undertaking.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this litigation.

DATED: _____

PRINT NAME: _____

SIGNATURE: _____

826391.3

– 10 –

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com