IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANISLAUS FOOD PRODUCTS COMPANY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>USS-POSCO INDUSTRIES, et al.,<br><br>　　　　Defendants.<br>_____ / | Case No. 1:09-cv-00560-LJO-BAM<br><br>ORDER RE: PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 477) |

　　　　Currently pending before the Court is the motion for summary judgment filed on December 13, 2012, by Defendants USS-POSCO Industries ("UPI"), POSCO America Steel Corporation ("POSCO America"), POSCO-California Corporation ("POSCAL"), Pitcal, Inc. ("Pitcal"), and United States Steel Corporation ("U.S. Steel") (collectively "Defendants"). (Doc. 476.)

　　　　On January 8, 2013, Plaintiff Stanislaus Food Products Company ("Plaintiff" or "Stanislaus") filed an objection to Defendants' motion for summary judgment. Plaintiff argues that the motion for summary judgment should be stricken or Defendants should be precluded from filing a reply because Defendants failed to satisfy the meet and confer requirement prior to filing their motion for summary judgment. According to Plaintiff, the parties met and conferred telephonically on December 10, 2012, but Defendants only discussed the joint statement of undisputed facts. Plaintiff stresses that the other purposes of the meet and confer process were not satisfied. This included, as outlined in the Court's scheduling order, (1) avoiding filing motions for summary judgment where a question of fact exists; (2) determining whether the respondent agrees that the motion has merit; (3) discussing whether issues can be resolved without the necessity of briefing; (4) narrowing the issues; and (5) exploring the possibility of settlement. (Doc. 320 at 13:12-19.)

1

The Court finds Plaintiff's objection lacking in merit. Pursuant to the Court's scheduling order filed September 12, 2011, it was Defendants' obligation as the moving party to initiate the meet and confer process and to provide Plaintiff a draft joint statement of undisputed facts prior to filing their motion for summary judgment. (See Doc. 320 at 13:8-23.) Once Defendants arranged and initiated the meet and confer process, however, it fell on Plaintiff, inasmuch as did on Defendants, to ensure that all of the goals of the meet and confer process were satisfied. The meet and confer process is a two-way street. Therefore, it is disingenuous for Plaintiff to argue now that Defendants should be sanctioned for failing to discuss certain matters during the meet and confer process when Plaintiff could (and should) have raised any issue it thought needed to be discussed at that time. Tellingly, Plaintiff has not made any showing in its objection that it made any effort to do so.

Accordingly, Plaintiff's objection is OVERRULED.

IT IS SO ORDERED.

**Dated:   January 9, 2013**            /s/  Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE